# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**OSMAN BURAK EMIROGLU,**

      **Plaintiff,**

v.                                                                     **Case No:  6:17-cv-2024-Orl-22DCI**

**A & B RESTAURANT, LLC and**
**ISKENDER EREN YILMAZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration following oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. 19)** |
| **FILED:** | **April 27, 2018** |

**THEREON** it is Recommended that the motion be **GRANTED**.

## I.   BACKGROUND

On November 22, 2017, Plaintiff filed a Complaint against Defendants alleging a cause of action for alleged violations of the overtime provisions of the Fair Labor Standards Act (the FLSA). Doc. 1. On December 21, 2017, Defendants filed their Answer and Affirmative Defenses. Doc. 9. On February 19, 2018, Plaintiff filed a response to the Court's interrogatories. Docs. 16; 16-1. Therein, Plaintiff alleged that Defendants owed him approximately $5,896.80 in overtime wages for the period from September 2014 through September 2017, but those answers also

acknowledged that Defendants asserted that they purchased the business at issue in July 2017, and that Plaintiff only worked for Defendants for a few weeks in 2017. Doc. 16-1.

On April 27, 2018, the parties filed a joint motion to approve settlement and therein informed the Court that the parties "did not prepare or execute a Settlement Agreement and Release." Docs. 19 (the Motion). The Court held a hearing on the Motion to determine the exact terms of the settlement agreement and discuss the issue of attorney fees. At the hearing, the parties confirmed that this matter has been settled via an oral settlement agreement (the Agreement). The only terms of the Agreement are as follows: Plaintiff has agreed to dismiss this case with prejudice in exchange for payment of $600.00 in overtime wages and $600.00 in liquidated damages. According to the parties, this represents full compensation for the few weeks that Plaintiff worked for Defendants. Defendants have also agreed to pay Plaintiff's counsel $800.00 in attorney fees and costs and, according to the parties, the issue of attorney fees was negotiated separate and apart from the amount owed Plaintiff. The parties confirmed at the hearing that the Agreement contains no other terms, and it appears that the Agreement was negotiated in this manner in an effort to minimize costs to all sides and provide Plaintiff with full compensation for the overtime he worked for Defendants.

## II.     LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   ANALYSIS

#### A.  Settlement Amount.

The parties were represented by counsel in this litigation, which involved disputed issues of liability under the FLSA.  *See* Docs. 1; 9; 16; 19.  In their Motion and at the hearing, the parties represented the following: that the parties chose to settle to avoid further cost and expense of litigation and that the settlement reflects a fair and reasonable resolution of this case given the short time that Plaintiff worked for Defendants.  Doc 19.  Based upon the foregoing, the undersigned finds that $1,200.00, not including attorney fees and costs, is a fair and reasonable settlement amount in this case.  Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

#### B.  The Terms of the Agreement.

Upon consideration of the Agreement, the undersigned finds that the terms of the Agreement do not affect the overall reasonableness of the settlement.  The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.  Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

#### C.  Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $800.00 as attorney fees and costs.  Docs. 19.  At the hearing, the parties represented that they negotiated this amount separately from Plaintiff's recovery so as not to impact Plaintiff's recovery.  The settlement is

reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 19) be **GRANTED** as follows:

1. The Agreement be found to be a fair and reasonable settlement of Plaintiff's FLSA claim;
2. The case be **DISMISSED with prejudice**; and
3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 23, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy